# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1548

_____

| | | |
|---|---|---|
| In re: Jimmie Lee Wilson, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Petitioner. | * | District of Arkansas. |
| | * | |
| | * | [UNPUBLISHED] |

_____

Submitted:  September 3, 2002

Filed:  September 23, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Jimmie Lee Wilson was convicted of federal criminal crimes in the mid-1980s. In 2000, the Arkansas Supreme Court suspended Wilson from practicing law in Arkansas state courts for five years because of these convictions; the Eastern District of Arkansas also suspended Wilson. In January 2001, President Clinton granted Wilson a full and unconditional pardon for Wilson's underlying convictions. After the pardon was granted, Wilson petitioned the district court[*] for permission to practice law. The district court denied Wilson's request, stating Wilson's right to practice in the Eastern District of Arkansas is contingent on him being licensed by the

_____

[*]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

state of Arkansas, which he was–and is–not. Wilson appeals the district court's decision, raising four arguments. We review and reject each argument in turn.

First, Wilson argues the district court has authority independent of the state of Arkansas to determine who practices in its forum. Wilson is correct: in 1980, the Eastern District of Arkansas exercised this authority by adopting local rule 83.5 which states, "Any person is eligible for enrollment [in the bar of this district court] who is licensed to practice in the state of his residence . . . ." Under this rule, Wilson must be reinstated as a member of the Arkansas state bar before he can ask the Eastern District of Arkansas to lift his suspension from practice in its courts. Like most jurisdictions, the Eastern District of Arkansas requires prerequisites for admission to its own bar. This rule does not amount to a surrender of federal judicial authority to any or all states which grant the prerequisite of state bar membership.

Second, Wilson contends a full and unconditional presidential pardon is a sufficient basis for reinstating an attorney to the practice of law. As we explained above, Wilson cannot seek reinstatement to practice law in the Eastern District of Arkansas without first having a valid state bar membership–and he does not have a valid state bar membership. Wilson's request for reinstatement must be granted by the state of Arkansas before he can petition the Eastern District of Arkansas for relief.

Third, Wilson claims unconstitutional ambiguity in the rules of the state of Arkansas and the Eastern District of Arkansas violates his due process and equal protection rights under the Fifth and Fourteenth Amendments. Having examined the rules, we find them free from unconstitutional ambiguity.

Finally, Wilson argues he is entitled to reinstatement under Eastern District of Arkansas Appendix Rules I and II, the model federal rules of disciplinary enforcement. Again, we disagree. The district court acted properly in suspending

Wilson, and it now acts properly by refusing to reinstate him for practice in its forum absent a valid state law license.

For the reasons stated above, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.